IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEWAYNE WHITE ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:08-CV-0320-P (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

According to Petitioner, he was charged with possession of a prohibited weapon, to-wit, a firearm in Cause No. F03-49166-M in the 194th Judicial District Court of Dallas County, Texas. He was found guilty and sentenced on August 12, 2004, to 10 years' incarceration. His conviction and sentence was affirmed on May 31, 2005. He filed a petition for discretionary review, which was refused on November 23, 2005. He did not file a petition for writ of certiorari.

Petitioner filed one state habeas application in May 2007, which was denied by the Texas Court of Criminal Appeals on July 11, 2007, without written order on the findings of the trial court without a hearing.

Because Petitioner's petition for discretionary review was refused on November 23, 2005, his conviction became final on February 21, 2006, when the time for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 n.3 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000).

Petitioner filed the instant petition on February 19, 2008, the date he certified he placed the petition in the prison mail system. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Petitioner alleges denial of effective assistance of counsel, trial court error, and insufficient evidence.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which

the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Further, Petitioner has failed to present any argument that he should be permitted to proceed under subparagraph (D). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final.

Petitioner's conviction became final on February 21, 2006, and his federal habeas petition was due February 21, 2007. Because he filed his petition more than one year after his conviction became final on February 21, 2006, a literal application of § 2244(d)(1) renders his February 19, 2008 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of

§ 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner states that he filed his state habeas petition in May 2007 raising the same issues he raises in his federal petition. When Petitioner filed his state petition in May 2007, the statutory limitations period had already expired. Accordingly, the statutory tolling provision does not save Petitioner's untimely federal petition.

Nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Because neither statutory nor equitable tolling save Petitioner's December 31, 2007 filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely.

### III. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DISMISS** it with prejudice.

**SIGNED this 9th day of April, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE